RULEY, JUDGE:
This claim for $11,585.20 arises out of a contract on Project RS-617 (21) in Wayne County, West Virginia. The project involved the improvement of Route 52 along the Big Sandy River by extending a box culvert under the highway through which Davis Creek flows to the Big Sandy River. Peraldo Construction Company was the subcontractor of Vecellio & Grogan, Inc.
On December 11, Plinio Peraldo and his two sons visited the construction site and, observing that the river was above the existing box culvert, they assumed that, when the river receded, the flow line of the river would be below the culvert. In fact, the flow line was three to eight feet above the culvert. In order for the construction to proceed, it was necessary to dam the creek and pump the water around the construction site. This claim is for the rental cost of the pump and the cost of operating the pump beyond normal working hours. The respondent contended that the claimant’s failure to notify respondent of these additional costs barred any award under Section 105.17 of the Standard Specifications of 1972, and moved to dismiss the claim.
Plinio Peraldo testified that he did not notify respondent that there would be an additional charge for the pumping, al *452 though he was aware of the provisions for notice. He stated that Mr. Spence, whose position with the respondent was unclear in the record, knew of the pumping because “he was going by there every evening and that was past work hour (sic) and he seen (sic) that the pump was going . . .”
Section 105.17 reads in part:
“If, in any case, the contractor deems that additional compensation is due him for work or material not clearly covered in the contract or not ordered by the Engineer as extra work, as defined herein, the contractor shall notify the Engineer in writing of his intention to make claim for such additional compensation before he begins the work on which he bases the claim. If such notification is not given, and the Engineer is not afforded proper facilities by the contractor for keeping strict account of actual cost as required, then the contractor hereby agrees to waive any claim for such additional compensation. .
Neither the claimant nor the Court can disregard that provision of the contract. It required the claimant to give the Engineer written notice of its intention to make a claim for additional compensation; failure to do so constituted a waiver. Accordingly, the Court disallows this claim.
Claim disallowed.